# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TYRONE C. VAUGHTER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-26 |
| | : | |
| GEORGE W. HILL | : | |
| CORRECTIONAL FACILITY, | : | |
| Defendant. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                **January 24, 2019**

Tyrone C. Vaughter, presently incarcerated at SCI Phoenix in Montgomery County, *pro se* sues the George W. Hill Correctional Facility in Delaware County ("Prison"), challenging conditions of confinement or failure to treat his sore shoulder while incarcerated at the Prison.[1] Presently incarcerated, he moves for leave to proceed *in forma pauperis*.[2] Following careful review of his motion for leave and his *pro se* Complaint, we grant Mr. Vaughter leave to proceed *in forma pauperis* but must dismiss his Complaint against the Prison with leave to amend to assert a claim against a person who is a state actor if he can do so under the Eighth Amendment.

**I.     Allegations.**

Mr. Vaughter alleges the Prison "made [him] sleep on the floor" and eventually moved him "to 8 unit."[3] He had to sleep "on the floor in a 'boat' cut out piece of plastic."[4] On or about August 20, 2018, the Prison moved Mr. Vaughter to the worker block, where he "slept on the floor in a boat in cell 105 for about 3 weeks."[5] In September and October 2018, Mr. Vaughter "slept on the floor of cell 101 as an intake worker."[6] He asserts he slept "right next to the toilet."[7]

Mr. Vaughter notified medical about a shoulder injury upon intake, but he "received no help."[8] Mr. Vaughter attached documents to his *pro se* Complaint indicating submitted grievances about his shoulder.[9]

Mr. Vaughter "would like to be compensated for the pain of laying on a concrete floor next [to] a toilet in use as well [as for his] shoulder pain which is still ongoing."[10]

## II. Analysis

Following careful review of Mr. Vaughter's petition, we grant him leave to proceed *in forma pauperis* as it appears he is incapable of paying the fees to commence this civil action.[11] Under federal law, we must dismiss the Complaint proceeding *in forma pauperis* if Mr. Vaughter fails to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[12] Conclusory allegations do not suffice.[13] As Mr. Vaughter is proceeding *pro se*, we construe his allegations liberally.[14]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[15] Mr. Vaughter fails to state a claim for relief requiring we dismiss his claims against the Prison.

### A. Mr. Vaughter cannot sue the Prison.

Mr. Vaughter sued only the Prison. The Prison "is not a legal entity susceptible to suit."[16] It is not a person under the civil rights laws. Mr. Vaughter's Complaint against the Prison must be dismissed.

### B. Mr. Vaughter's allegations to not state a civil rights claim.

Even assuming Mr. Vaughter could sue the Prison as a legal entity, many of his claims regarding Prison conditions do not state a plausible basis for a constitutional violation. The Eighth

2

Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees.[17] Mr. Vaughter admits being a convicted and sentenced state prisoner during his incarceration at the Prison.[18] As a convicted inmate, we analyze his claims under the Eighth Amendment. To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities."[19] He must also establish the Prison acted with deliberate indifference.[20]

Mr. Vaughter first alleges the Prison assigned him to cells with two (2) other individuals, where he had to sleep on the floor in a "boat" next to the toilet. Housing multiple inmates in a cell, however, does not alone establish a constitutional violation.[21] Mr. Vaughter has not alleged the overcrowded conditions deprived him of a basic need or otherwise caused him harm.[22] Mr. Vaughter's Complaint fails to state a claim with respect to his allegations of overcrowding.

Mr. Vaughter next alleges he never received medical care for his shoulder injury. In the context of deficiencies in medical care, a state actor may violated an inmate's rights under the Eighth Amendment if a prison official acts with deliberate indifference to an inmate's serious medical needs.[23] "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[24] While the denial of care for a shoulder injury could constitute deliberate indifference to a serious medical need, Mr. Vaughter has failed to state a claim at this time because, as discussed above, he cannot proceed against the Prison. We grant him leave to timely amend to assert claims against a prison officer or other state actor if he believes, consistent with the Law, the challenged conduct violated the Eighth Amendment.

3

## III. Conclusion

In the accompanying Order, we grant Mr. Vaughter leave to proceed *in forma pauperis* but dismiss his Complaint against the Prison for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Mr. Vaughter's ability to file an amended complaint no later than **February 25, 2019** if he can cure the defects by pleading an Eighth Amendment claim against a state actor.[25]

---

[1] ECF Doc. No. 2.

[2] ECF Doc. No. 5.

[3] ECF Doc. No. 2 at 6.

[4] *Id.*

[5] *Id.* at 7.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 15-18.

[10] *Id.* at 7.

[11] As Mr. Vaughter is a prisoner, he must pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[13] *Id.*

[14] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[15] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[16] *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also* **Error! Main Document Only.***Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

[17] *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005).

[18] ECF Doc. No. 2 at 6.

[19] *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

[20] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

[21] *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); **Error! Main Document Only.***North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional.").

[22] *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment).

[23] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Goode v. Giorla*, 643 F. App'x 127, 129 n.3 (3d Cir. 2016) (per curiam).

[24] *Farmer*, 511 U.S. at 837.

[25] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).